Amanda Kuklinski; AZ Bar No. 035676
**WEILER LAW PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
akuklinski@weilerlaw.com

Attorneys for Plaintiff
Britain Fincher

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Britain Fincher**, | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Wanzek Construction, Inc.**; | **(Jury Trial Requested)** |
| Defendant. | |

Plaintiff Britain Fincher, for her Verified Complaint against Defendant Wanzek Construction, Inc., hereby alleges as follows:

**PARTIES**

1. Plaintiff is currently a resident of Yuma County, Arizona. At all times relevant hereto, Plaintiff was a resident of Maricopa County, Arizona.

2. Upon information and belief, Defendant Wanzek Construction, Inc. is a North Dakota corporation which is registered to conduct business and is currently doing business in the State of Arizona.

**JURISDICTION AND VENUE**

3. The majority of acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that the claims set forth in this Complaint arise under federal law.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are sufficiently related to her federal claims to form part of the same case or controversy.

6. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

7. At all relevant times, Defendant Wanzek Construction, Inc. has continuously been an employer, jointly employing fifteen or more employees within the meaning of Title VII.

8. On December 6, 2021, Plaintiff filed a Charge with the Equal Employment Opportunity Commission (EEOC) alleging sex discrimination and retaliation.

9. On or about October 12, 2022, Plaintiff received a Right to Sue Notice from the EEOC.

10. Plaintiff has exhausted all administrative and statutory prerequisites necessary to commence this action, and therefore jurisdiction is proper.

**FACTUAL ALLEGATIONS**

11. In October 2019, Defendant hired Plaintiff as Senior Procurement Manager of its Solar Division.

12. In her role as Senior Procurement Manager – Solar Division, Plaintiff

Page **2** of **11**

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

reported directly to Procurement Director Matt Behr ("Behr").

13. On February 28, 2020, at Defendant's annual conference, during a presentation given by Plaintiff and Behr to the solar division, Vice President of the Solar Division Troy Ochoa ("Ochoa") repeatedly interrupted and argued with Plaintiff.

14. When Fincher proposed that all supplier contact should run through the procurement team rather than the construction team so procurement could manage relationships with suppliers, Ochoa interrupted her to ask if she thought "the guys" (i.e., construction) were "not smart enough" to speak with suppliers.

15. Following this presentation, Ochoa called Fincher a "fucking bitch" and told her that her behavior was "disgraceful." He told her that the entire solar team hated her and she needed to "ingratiate herself" to them.

16. Of the approximately fifty-person solar team, Plaintiff was one of approximately two total women.

17. On March 1, 2020, Plaintiff sent an email and had a phone call with Behr informing him of Ochoa's comments on February 28, 2020.

18. On April 13, 2020, Plaintiff received her first performance review from Behr.

19. The review was overall positive, and Plaintiff received a score of "meets expectations" in every category. Though she was not yet eligible for Wanzek's bonus structure, Behr gave her a discretionary bonus based on her good performance.

20. Just nine days later, on April 24, 2020, Behr placed Plaintiff on a Performance Improvement Plan ("PIP").

21. Behr told Plaintiff that Ochoa instructed him to place her on the PIP and, while he had pushed back, he ultimately could not refuse.

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

22. After receiving this PIP, Plaintiff complained to HR representative Tanya Knutson ("Knutson") about the PIP and Ochoa's treatment of her.

23. Specifically, Plaintiff told Knutson that Ochoa was harassing and verbally assaulting her and forwarded Knutson the email she sent to Behr on March 1, 2020.

24. Plaintiff told Knutson that if Wanzek terminated her at the end of her PIP she wanted it known that it has nothing to do with her performance but because Ochoa is a man who has a problem with a woman who will not bow down to him.

25. Following the issuance of Plaintiff's PIP, Plaintiff had no check-ins or follow-up meetings with Behr to discuss her progress.

26. After thirty days, Behr told Plaintiff she was released from the PIP.

27. In September 2020, when Wanzek moved to a new building, Ochoa refused to provide Fincher with an office, forcing her to sit in a cubicle, despite that there were empty offices available.

28. On information and belief, the other two Senior Procurement Managers, both of whom are male, had their own offices.

29. In the following months, Ochoa would often sit in the empty office across from Plaintiff's desk and watch her work.

30. On March 29, 2021, Behr gave Plaintiff a performance review with an overall rating of "competent."

31. When Plaintiff disagreed with her low scores, Behr informed her that Ochoa had to approve her performance review and these ratings were a result of his input.

32. In June 2021, Plaintiff had to end a vacation early to fix the mistake of a new subordinate, Tim Ree ("Ree"), when he refused to do so.

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

33. On or about June 30, 2021, Plaintiff asked Ree to issue a purchase order so his prior mistake would not be repeated.

34. Ree repeatedly ignored Plaintiff's directive, and Plaintiff sternly told him he needed to do it immediately.

35. Later that day, Plaintiff received an email from Ree, in all caps, stating "I NEED TO SPEAK TO YOU NOW."

36. In a closed-door meeting, Ree told Plaintiff that the entire team was sick of her, that she was "a bitch," and threatened to complain to human resources about her.

37. Following this confrontation, Ree continued to either ignore Plaintiff or snap at her when forced to interact.

38. When Ree took paid time off on July 2, 2021, he informed Ochoa but not Plaintiff, his direct supervisor.

39. After business hours on July 8, 2021, Behr called Plaintiff to inform her that someone had filed an HR complaint against her for creating a hostile work environment and instructing her to work from home the following day.

40. On July 9, 2021, Behr called Plaintiff to inform her that "senior management" decided to terminate her employment effective immediately for creating a hostile work environment, inappropriate workplace behavior, and conduct unbecoming a Wanzek employee.

41. Behr was unable to provide examples of this alleged conduct.

42. Upon information and belief, Behr discouraged a female employee from applying for the Senior Procurement Manager of the Solar Division position, telling her that the company should hire a male in the position so Ochoa would not "do the same

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

thing" to her as he did to Plaintiff.

43. Following her termination from Wanzek, Plaintiff had a very difficult time finding alternative employment in the solar industry despite her extensive experience.

44. For several positions, Plaintiff was scheduled for interviews which the prospective employer later canceled.

45. After one job offer was withdrawn, one of Plaintiff's contacts in the industry informed her that he heard Wanzek was saying negative things about her.

46. Plaintiff learned from a friend in the industry, David Waller, that in March 2022, Ochoa told other Wanzek employees that Plaintiff practiced witchcraft and threatened to kill Ochoa.

47. Plaintiff also later learned from a former Wanzek supplier, Brady Coucher, that Ree told him Plaintiff was fired for being "on pills" and "drugged up."

48. All of these claims against Plaintiff were false.

## COUNT I
## SEX DISCRIMINATION IN VIOLATION OF TITLE VII

49. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

50. Plaintiff belongs to a protected class in that she is a woman.

51. Plaintiff was qualified for her position as Senior Procurement Manager of the Solar Division.

52. Other employees outside of Plaintiff's protected class were treated more favorably.

53. Because of her sex, Plaintiff was subjected to adverse employment actions including, *inter alia*, termination.

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

54. As a result, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

55. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

56. It is unlawful for an employer to discriminate against an employee because he has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

57. Plaintiff engaged in protected activity by making complaints to her direct supervisor and Human Resources.

58. In response to her complaints, Plaintiff was subject to adverse employment actions including, *inter alia*, termination.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS OR BUSINESS EXPECTANCY

59. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein

60. Valid Contractual relationships and/or a business expectancy existed between Plaintiff and her current or prospective employers.

61. Defendants were aware of the existence of the relationships or expectancy.

62. Defendants intentional interference induced or caused a breach or termination of the relationship or expectancy.

63. Defendants conduct was reprehensible.

64. Defendants acted with an evil mind, the intent to injure and were motivated

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

by spite and ill will.

65. Moreover, Defendants consciously disregarded a substantial risk that their conduct might significantly harm Plaintiff.

66. Defendants are vicariously liable for the conduct of Ochoa and Ree because their conduct was in the scope of their employment and for the benefit of Defendants.

67. Defendants are liable for the conduct of Ochoa and Ree under the doctrine of *Respondeat Superior*.

68. As a result, Plaintiff was damaged by the disruption to her relationships or expectancy with her current or prospective employers.

## COUNT IV
## DEFAMATION

69. Plaintiff reasserts and realleges each and every paragraph, *supra*, as if restated herein.

70. Defendant and its agents made false statements of fact regarding Plaintiff to prospective employers.

71. These false statements harmed Plaintiff's reputation and lowered her in the estimation of the community.

72. False statements claiming Plaintiff was involved in illegal activity are defamation *per se* and damages are presumed.

73. Defendant is liable for the conduct of Ochoa and Ree because their conduct was in the scope of their employment with Defendant and made for the benefit of Defendant.

74. Defendant is liable for the conduct of Ochoa and Ree under the doctrine of

*Respondeat Superior.*

75. Defendant's conduct was egregious and done with malice.

76. As a result of Defendant's conduct, Plaintiff has been damaged.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court order such relief as is necessary to make her whole, including, without limitation:

A. Declaring the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act.

B. Declaring that Defendant made defamatory statements;

C. Declaring that Defendant tortuously interfered with Plaintiff's contractual relationships or business expectancy.

D. An award of damages for all counts in an amount to be proven at trial;

E. An award of punitive damages in an amount to be proven at trial;

F. An award of back pay and front pay;

G. Pre- and post-judgment interest;

H. Reasonable attorneys' fees, costs and other expenses;

I. For such other relief this Court deems just.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 9, 2023.

**WEILER LAW PLLC**

By: /s/Amanda Kuklinski
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2023, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

By: /s/Ashley Peschke

Doc ID: b0fdf3169201bbb529e7b7a5b945c66af9c0aac0

## VERIFICATION

Plaintiff Britain Fincher declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Britain Fincher*
_____
Britain Fincher